UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:17-CR-5-KKC-EBA-3

UNITED STATES OF AMERICA,                                                                            PLAINTIFF,

V.                     **MAGISTRATE JUDGE'S REPORT
                       AND RECOMMENDATION**

TIFFANY L. GRACE,                                                                                    DEFENDANT.

## INTRODUCTION

On June 21, 2018, Defendant Tiffany L. Grace appeared before the undersigned for her Final Revocation Hearing with regard to her alleged violations of her conditions of supervised release. Defendant was present at the hearing and represented by Michael B. Fox. The United States was represented by Kevin Dicken on behalf of Jason Parman. During the hearing, Defendant plead guilty to her two violations, but did not waive her right to allocution before the United States District Judge. For the reasons set forth below, the undersigned **HEREBY RECOMMENDS** that Defendant be found **GUILTY** of her two violations, based on her stipulations. In the event that Defendant waives her right of allocution before the United States District Judge, the undersigned will also recommend that Defendant be sentenced to three (3) months of incarceration to be followed by the completion of Defendant's uncompleted term of supervised release.

## FINDINGS OF FACT

Defendant's three-year term of supervised release began on March 7, 2018, upon her release from the Bureau of Prisons. According to Defendant's Supervised Release Violation Report, on March 20, 2018, Defendant provided a urine specimen for testing that was positive for Oxycodone. Defendant was directed to obtain placement in an inpatient treatment facility, and on

April 16, 2018, Defendant began receiving medication-assisted treatment at Frontier Behavioral Health in Salyersville, Kentucky. She was prescribed Suboxone. She also began receiving outpatient substance abuse counselling twice monthly. On May 2, 2018, the Court was notified of Defendant's March 20, 2018, drug screen results. The undersigned permitted Defendant to continue drug abuse treatment at Frontier Behavioral Health.

Treatment records from Frontier Behavioral Health revealed that Defendant again tested positive for Oxycodone on May 7, 2018, without a valid prescription. On May 24, 2018, during a home visit, a urine specimen was collected from Defendant, and a drug test was administered. Defendant's drug test was positive for Suboxone. Defendant's drug test was also positive for Oxycodone without a valid prescription.

At her Final Revocation Hearing, Defendant was represented by counsel and afforded all rights due under Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583. Defendant—who entered a knowing, voluntary, and intelligent stipulation to her two violations—was found to be competent by the undersigned. Defendant, however, preserved her right to allocution before the United States District Judge assigned to his case. For purposes of the Fed. R. Civ. P. 32.1 proceedings, Defendant admitted the factual basis for the violations described in her Supervised Release Violation Report. In the supervised release context, the Sixth Circuit treats use of a controlled substance as equivalent to possession of that substance. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Possession of a controlled substance is a violation of Ky. Rev. Stat. § 218.1415. Thus, the United States established all violations under the standard of 18 U.S.C. § 3583.

<u>Violation No. 1: Mandatory Condition No. 3</u>: *You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.* On both

May 7, 2018, and May 24, 2018, Defendant tested positive for Oxycodone for which she did not have a valid prescription. This is a Grade C Violation.

<u>Violation No. 2: Mandatory Condition Nos. 1 and 2</u>: *The defendant shall not commit another federal, state, or local crime. You must not unlawfully possess a controlled substance.* Oxycodone is a Schedule II controlled substance, pursuant to the Controlled Substances Act. Due to the Sixth Circuit ruling that use is equivalent to possession, *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000), Defendant's use constitutes conduct in violation of Ky. Rev. Stat. § 218.1415, First Degree Possession of a Controlled Substance, a Class D Felony in the Commonwealth of Kentucky. This is a Grade B Violation.

## **RECOMMENDATION**

In making a recommendation regarding the imposition of a sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(1) *The nature and circumstances of the offense*. In the instant matter, Defendant tested positive for Oxycodone three separate times in the two months following her release from incarceration. At no time did Defendant have a valid prescription for Oxycodone.

(2) *The history and characteristics of the defendant*. On August 22, 2017, Defendant appeared before the Court and was sentenced to six (6) months of imprisonment and a three-year (3-year) term of supervised release, following a plea of guilty to Possession of Stolen Explosive Material in violation of 18 U.S.C. § 842(h). Defendant was released from the Bureau of Prisons on March 7, 2018, to begin her term of supervised release.

(3) *The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide*

*the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.* The Court considers the seriousness of the underlying offense that led to Defendant's previous incarceration, notes that Defendant is aware of the criminal nature of her conduct, that Defendant committed these violations of the conditions of her supervised release immediately upon her release from the Bureau of Prisons. Defendant also has a history of inpatient substance abuse treatment programs dating back to 2013, and Defendant is also currently under supervision through the Kentucky Department of Corrections and Parole as to Martin County Case No. 16-CR-111. Considering all of these matters, however, the undersigned remains confident that a below-guidelines sentence of three-months (3-months) additional incarceration remains a just punishment for the instant offenses, and will protect the public and deter future criminal conduct.

In the instant matter, the most serious of the violations committed by Defendant is a Grade B Violation under U.S.S.G. § 7B1.1. The criminal history category established at sentencing is a Category III. The revocation guidelines call for an imprisonment range of eight to fourteen (8–14) months. The original offense is a Class C Felony, for which the maximum term of imprisonment is two (2) years, pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(b)(2), the maximum term of supervised release that can be re-imposed is not more than three (3) years, less any term of imprisonment. The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

The undersigned believes that a sentence at the high end of the guideline range is inappropriate, as this would exceed the six-month term of Defendant's original imprisonment. Although Defendant exhibits a number of problematic behaviors, Defendant is also an intelligent

woman who displays the potential to lead a productive life. Nonetheless, in light of her prior sentence and criminal behavior, a term of imprisonment is necessary. Considering the above, a term of three (3) months imprisonment, to be followed by the completion of Defendant's uncompleted term of supervised release, is the most appropriate sentence and punishment to be imposed in this case. The undersigned will also recommend that that Defendant successfully complete an inpatient substance abuse therapy and treatment program to the extent that such is available to Defendant.

## **CONCLUSION**

As stated previously, Defendant has not waived her right of allocution before the presiding District Judge, and the right has in fact been preserved. In the event Defendant waives his right to allocution before the presiding District Judge, however,

**IT IS RECOMMENDED** that Defendant be found **GUILTY** of her two violations, and that Defendant's supervision be **REVOKED**;

**IT IS FURTHER RECOMMENDED** that Defendant be sentenced to three (3) months of incarceration to be followed by the completion of Defendant's uncompleted term of supervised release. The undersigned also recommends that Defendant be required to successfully complete an inpatient substance abuse therapy and treatment program to the extent that one is available.

**Should Defendant object to this Report and Recommendation, she should be scheduled for a hearing before the presiding District Judge for the purpose of exercising her right of allocution.** Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections

or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    This the 2nd day of July, 2018.



Signed By:
**Edward B. Atkins** *EBA*
United States Magistrate Judge